IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George T. Lee, ) | |
| ) | Civil Action No. 8:11-cv-2983-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James Singleton; Mitch Craig; ) | |
| Crissy Adams; County of Oconee; ) | |
| Steve Jenkins; Lindsay Simmons; ) | |
| Blake Norton; Scott Moulder; ) | |
| Unidentified Oconee County Deputy; ) | |
| Connie Weaver; The Journal; Oconee ) | |
| Publishing; The Edwards Group; ) | |
| Andrew Sullivan; Jessica Sibley; ) | |
| Michael Leonard; Beverly Whitfield; ) | |
| Horace Craig; Paul Harris; Steve Edwards, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation [Doc. 15]. The Magistrate Judges' Report and Recommendation, filed on January 9, 2011, recommends that (1) Plaintiff's official capacity and individual capacity claims against Defendants Norton, Weaver, Whitfield, Adams, and Simmons be summarily dismissed; (2) Plaintiff's claim for declaratory and injunctive relief, challenging the constitutionality of S.C. Code § 56-7-10, be summarily dismissed; (3) Plaintiff's official capacity claims for monetary damages against Defendants Singleton, Jenkins, M. Craig, and Unidentified Oconee County Deputy be summarily dismissed; (4) Plaintiff's § 1983 and related state law, individual capacity claims for monetary damages against Defendants Singleton, Oconee County, Jenkins, M. Craig, H. Craig, Moulder, and the Unidentified Oconee County Deputy be stayed until the final termination of Plaintiff's pending state court criminal proceeding, at which time Plaintiff should petition this Court to lift the stay in

this action; (5) Plaintiff's related, individual capacity § 1983 defamation claims for monetary damages against Defendants Singleton and Jenkins be, likewise, stayed until the final termination of Plaintiff's pending state court criminal proceeding; (6) Plaintiff's official capacity and individual capacity claim for monetary damages against Defendant Harris be, likewise, stayed until the final termination of Plaintiff's pending state court criminal proceeding; and (7) Plaintiff's unrelated state law defamation claim against Defendants The Journal, Sullivan, Sibley, Leonard, Edwards, Oconee Publishing, and The Edwards Group be summarily dismissed, without prejudice.  The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the Court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc. 15-43].  However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a District Court need not conduct a de novo review, but instead must 'only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Magistrate Judge's Report and Recommendation [Doc. 15]. It is therefore **ORDERED** that (1) Plaintiff's official capacity and individual capacity claims against Defendants Norton, Weaver, Whitfield, Adams, and Simmons is summarily **DISMISSED**; (2) Plaintiff's claim for declaratory and injunctive relief, challenging the constitutionality of S.C. Code § 56-7-10, is summarily **DISMISSED**; (3) Plaintiff's official capacity claims for monetary damages against Defendants Singleton, Jenkins, M. Craig, and Unidentified Oconee County Deputy is summarily **DISMISSED**; (4) Plaintiff's § 1983 and related state law, individual capacity claims for monetary damages against Defendants Singleton, Oconee County, Jenkins, M. Craig, H. Craig, Moulder, and the Unidentified Oconee County Deputy is **STAYED** until the final termination of Plaintiff's pending state court criminal proceeding, at which time Plaintiff should petition this Court to lift the stay in this action; (5) Plaintiff's related, individual capacity § 1983 defamation claims for monetary damages against Defendants Singleton and Jenkins is, likewise, **STAYED** until the final termination of Plaintiff's pending state court criminal proceeding; (6) Plaintiff's official capacity and individual capacity claim for monetary damages against Defendant Harris is, likewise, **STAYED** until the final termination of Plaintiff's pending state court criminal proceeding; and (7) Plaintiff's unrelated state

law defamation claim against Defendants The Journal, Sullivan, Sibley, Leonard, Edwards, Oconee Publishing, and The Edwards Group is summarily **DISMISSED**, without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
May 24, 2012